GLADNEY, Judge.
The defendant herein, Jimmy Stephenson, has appealed from a judgment sustaining a motion for summary judgment and dismissing appellant’s call in warranty directed against J. Howell Flournoy, Sheriff of Caddo Parish, Louisiana, and John L. Bicknell.
Nolen Motor Company, on January 23, 1959, brought this suit against Stephenson, alleging that the latter on April 2, 1958, had purchased for the sum of $1,050.00 a Cadillac automobile at a sale under a writ of fieri facias, issuing in the suit of John L. Bicknell vs. Huey F. Burnett; that on April 3, 1958, Stephenson sold petitioner the same automobile for $1,775.00, although undisclosed to petitioner prior to said sale there existed a valid chattel mortgage granted by Burnett on December 21, 1956, which mortgage was held by the Republic National Bank of Dallas, Texas; that on May 19, 1958, petitioner sold the automobile to Bryan Smith, a resident of Center, Texas, and after the latter had removed the automobile to his home it was seized through judicial proceedings, wherein judgment was rendered on October 9, 1958, recognizing the validity of the chattel mortgage held by the bank; that upon the seizure of the automobile ill these proceedings, Smith demanded of the Nolen Motor Company that it either return the purchase price or secure in his behalf a release of the chattel mortgage held by the bank; and that in order to fulfill its obligation to Smith, petitioner paid $2,000.00 to the Republic National Bank of Dallas, Texas, and has instituted this suit on the warranty of Stephenson. A properly authenticated copy of the Texas judgment recognizing the validity of the chattel mortgage in favor of the Republic National Bank of Dallas, Texas, is annexed to plaintiff’s petition.
The defendant Stephenson has joined issue by pleading estoppel and by calling in warranty, in his answer, Bicknell and the Sheriff of Caddo Parish. The latter separately filed exceptions of estoppel and of no cause of action to the call in warranty and when these pleas were overruled by the court, Bicknell and the Sheriff filed a motion for summary judgment, which incorporated all of their prior pleas. In this appeal the appellant seeks reversal of the ruling of the trial court denying his call in warranty directed to Bicknell and the Sheriff.
The primary issue presented on the appeal is whether vel non a purchaser of an automobile at a sheriff’s sale under a writ of fieri facias may call in warranty the seizing creditor, where there was in existence at the time of the said sale, an undisclosed valid chattel mortgage priming any right of the seizing creditor.
It is provided in LSA-C.C. Art. 2620 (C.P. Art. 725.27) that a sale on execution transfers the property of the thing to the purchaser as completely as if the owner had sold it himself; .but it transfers only the rights of the debtor such as they are. The succeeding article 2621 (C.P. Art. 725.28) gives to the purchaser evicted from the property purchased under execution, recourse for reimbursement against the debtor and creditor but provides that upon the judgment obtained jointly for that purpose the purchaser must first take execution against the debtor. Similarly, Arts. 711 and 712 of the Code of Practice secure to the purchaser his recourse for reimbursement in those cases where the purchaser has been evicted from the thing adjudicated found to belong to a third person.
The aforementioned codal articles, although granting to a purchaser a remedy against the seizing creditor or judgment debtor, do not render the Sheriff liable, and *464 it appears that the provisions of LSA-C.C. Art. 2620 exclude an action of warranty by a purchaser against the Sheriff.
Certain other articles of the Civil Code, Art. 2500 et seq., and of the Code of Practice, Arts. 711, and 712, in effect at the time of the sale herein, involve warranty and its effect. Thus, LSA-C.C. Art. 2501 holds that the seller is obligated to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing which were not declared at the time of the sale. However, the foregoing Codal articles clearly show that the intent of the law is to protect an innocent purchaser of property adjudicated at a judicial sale, except in those instances where the purchaser with knowledge of the risk involved, nonetheless consummates the sale. And, even though a judgment debtor has title to the property and no eviction with respect to failure of title occurs, yet under LSA-C.C. Art. 2501 the innocent purchaser at such sale is entitled to reimbursement where there are charges claimed on the property adjudicated which were not declared at the time of the sale.
Additionally, it is prescribed in Art. 2505 that even where there is a stipulation of no warranty, the seller, in case of eviction, is liable for restitution of the price unless the buyer was aware at the time of the sale of the danger of the eviction and purchased it at his peril and risk. Art. 2506, in part, reads:
“When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
“1. The restitution of the price.
“2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
“3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
“4. The damages, when he has suffered any, besides the price that he has paid.”
Other articles under Title VII, Chapter 6, section 2 of the Civil Code provide the defenses available to the seller and upon what conditions the purchaser’s right of warranty is lost.
Nowhere in the pleadings of either the plaintiff or the defendants are to be found allegations charging some breach of duty by the Sheriff. His function and responsibility in the sale were to sell the seized automobile according to prescribed legal regulations, and to disclose prior to the adjudication by reading a certificate prepared by the Clerk and ex officio recorder of mortgages such title and encumbrances affecting the adjudication as were made known by the proper records. The Sheriff, therefore, does not incur any liability as a warrantor of the thing which he adjudicated. For these reasons, therefore, the judgment under review is correct insofar as it dismisses the defendant’s call in warranty directed against the Sheriff.
The issues in this case have been tried only upon the pleadings without proof of some pertinent facts and of necessity the action by this court on the appeal is taken only with respect to Jimmy Stephenson’s right to call certain parties in warranty. Our holding is that J. Howell Flournoy, the Sheriff of Caddo Parish, is not such a proper party, and accordingly, the judgment as to him is affirmed. Otherwise, we hold that the defendant has a right to call in warranty John L. Bicknell, and, in this respect, the judgment is reversed, the motion for summary judgment is accordingly overruled and the case is remanded to the First Judicial District Court of Caddo Parish, Louisiana, for further proceedings not inconsistent with this decree. Taxation of the costs of this appeal are to await the ■ final outcome of this case.
Affirmed in part, reversed in part, and remanded.